United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30262
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER MCDONALD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50096
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:*

Christopher McDonald pleaded guilty pursuant to a written plea agreement to mail fraud and health care fraud and was sentenced to 37 months in prison for each count, to run concurrently, three years of supervised release on each count, to run concurrently, $61,258.16 in restitution, and a $200 special assessment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McDonald argues that the district court plainly erred in imposing his post-<u>Booker</u>[2] sentence pursuant to a mandatory guideline sentencing scheme. <u>Booker</u> excised from the Sentencing Reform Act the mandatory duty of district courts to apply the Sentencing Guidelines and effectively rendered the Guidelines advisory only, and McDonald was sentenced under an advisory guidelines scheme. <u>See</u> <u>Booker</u>, 543 U.S. at 259. Therefore, McDonald's argument lacks merit.

McDonald also contends that his sentence was unreasonable because, in light of his cooperation with the Government, the district court could have chosen not to impose prison time if it had not followed the Guidelines. He does not challenge the calculation of his guideline sentencing range.

Because McDonald's sentence was within a properly calculated guideline range of 37 to 46 months, we infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 519 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." <u>United States v. Alonzo</u>, 435 F.3d 551, 554 (5th Cir. 2006). McDonald has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. <u>See</u> <u>id.</u>; <u>Mares</u>, 402 F.3d at 519.

AFFIRMED.

---

[2] <u>United States v. Booker</u>, 543 U.S. 220 (2005).